# United States Court of Appeals
## For the First Circuit

_____

No. 15-2377

UNITED STATES,

Appellee,

v.

JOHVANNY AYBAR-ULLOA,

Defendant - Appellant.
_____

Before

Howard, Chief Judge,
Torruella, Lynch, Thompson,
Kayatta and Barron, Circuit Judges.
_____

**ORDER OF COURT**

Entered: January 17, 2020

A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion and the dissent released on January 9, 2019 are withdrawn, and the judgment entered the same date is vacated. See 1st Cir. I.O.P. X(D).

The en banc court will have copies of the parties' previously filed briefs. The parties are also directed to file supplemental briefs addressing the following questions, in addition to any other questions the parties may wish to address.

1. Under Article I, section 8, clause 10 of the Constitution, "The Congress shall have Power . . . to define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." Does international law circumscribe Congress's power under this clause to define and to punish "Felonies committed on the high Seas" and exercise jurisdiction over persons who commit them? If so, under what circumstances would there be such a circumscription, what are the limitations on any such circumscription, and are those limits applicable in this case?

2. Under the protective principle of international law "a nation is permitted to 'assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security.'" United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999) (quoting United States v. Robinson, 843 F.2d 1, 3 (1st Cir. 1988)).  Does the protective principle allow a nation to prosecute all drug trafficking on the high seas that takes place on stateless vessels?  What is the effect on this question of Congress's finding that "trafficking in controlled substances aboard vessels . . . presents a specific threat to the security . . . of the United States," 46 U.S.C. § 70501, on the scope of Congress's power?

3. For the purpose of determining whether Congress has the power under Article I to enact the MDLEA pursuant to the protective principle of international law, or any other constitutional provision, what is the significance, if any, of the fact that the MDLEA authorizes the United States to prosecute individuals engaged in drug trafficking abroad without regard to any geographic or other nexus to the United States?

4. "International law . . . allows any state to extend its authority over a stateless ship." United States v. Smith, 680 F.2d 255, 258 (1st Cir. 1982).  In United States v. Victoria, 876 F.2d 1009 (1st Cir. 1989), this court relied on that statement in Smith in stating that "the United States, as a matter of international law, may prosecute drug offenders on stateless ships found on the high seas." 876 F.2d at 1010 (citing Smith, 680 F.2d at 258).  Does international law recognize a distinction between a state's authority to exercise jurisdiction over a stateless vessel, as this court recognized in Smith, and a state's authority to exercise domestic criminal jurisdiction over a foreign national found on a stateless vessel, as this court recognized in Victoria?  If so, is our statement in Victoria relying on Smith nonetheless within the constitutional allocation of powers to the Congress to make?

5. To the extent that international law recognizes that a state has some authority to prosecute a foreign national found on a stateless vessel for a domestic criminal offense, what international law limits exist, if any, on such prosecutorial authority?

6. What is the effect of the doctrines of stare decisis and law of the circuit as to this Circuit's decisions in Victoria, Cardales, and Robinson with respect to questions one, two, three, four, and five?

The supplemental briefs should be filed simultaneously on, or before, February 18, 2020, and shall comply with applicable rules concerning format, service, and other requirements.  Any reply supplemental briefs must be filed no later than 14 days after the principal supplemental briefs are filed.  Seventeen paper copies of all briefs filed should be provided to the Clerk's Office no later than one business day after the electronic brief is filed.  Amici are welcome to submit amicus briefs addressing the aforementioned questions.

The en banc hearing will be scheduled for Tuesday, May 5, 2020, at 9:30 a.m., En Banc Courtroom, 7th Floor, John Joseph Moakley Courthouse, Boston, Massachusetts.

By the Court:

Maria R. Hamilton, Clerk

cc:
Carlos R. Cardona Torres
Mariana E. Bauza Almonte
Heather Clark
Johvanny Aybar-Ulloa